## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-956-DMG (KK) | Date | February 12, 2016 |
|---|---|---|---|
| Title | Luis Ortega v. Kim Holland | | |

| Present: The Honorable | Kenly Kiya Kato, United States Magistrate Judge |
|---|---|

| Deb Taylor | n/a | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| n/a | n/a |

**Proceedings:**   **(In Chambers) Order To Show Cause Why This Action Should Not Be Dismissed As Untimely**

## I.
## INTRODUCTION

Petitioner Luis Ortega ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254. However, the Petition appears to be untimely on its face. The Court thus orders Petitioner to show cause why this action should not be dismissed as untimely.

## II.
## BACKGROUND

### A.    STATE COURT PROCEEDINGS

On February 28, 2002, Petitioner pled nolo contendere and was convicted of second degree felony robbery in violation of California Penal Code section 211 in the Ventura Superior Court. ECF Docket No. ("Dkt.") 1, Pet. at 2, 45.[1] On March 28, 2002, Petitioner was sentenced to a term of ten years for the second degree felony robbery conviction, plus a ten year enhancement for his prior felony convictions -- a total term of

---

[1]    The Court refers to the Petition's pages as if Petitioner consecutively numbered them.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-956-DMG (KK) | Date | February 12, 2016 |
|---|---|---|---|
| Title | Luis Ortega v. Kim Holland | | |

twenty years in prison.  Id. at 2, 45.

Petitioner concedes he did not appeal his conviction.  Id. at 2-3.

On April 1, 2011, Petitioner filed a state habeas petition in the Ventura Superior Court.  Id. at 23.  On April 5, 2011, the Ventura Superior Court denied the petition.  Id.

On May 14, 2015, Petitioner filed a second state habeas petition in the Ventura Superior Court.  Id. at 26.  On May 15, 2015, the Ventura Superior Court denied the petition.  Id. at 4, 26.

In June 2015, Petitioner constructively filed[2] a state habeas petition in the California Court of Appeal.  Id. at 4.  On July 1, 2015, the California Court of Appeal denied the petition.  Id. at 4, 25.

On August 3, 2015, Petitioner constructively filed a state habeas petition in the California Supreme Court.  Id. at 4.  On December 9, 2015, the California Supreme Court denied the petition.  Id. at 5, 22.

**B.     FEDERAL COURT PROCEEDINGS**

On January 14, 2016, Petitioner constructively filed the instant Petition.  See id. at 8.  Petitioner challenges his 2002 conviction and sentence, and argues "denial of pre-sentence credits in violation of state law, federal law, and AEDPA regulations and guidelines."  Id. at 5.

**III.**
**DISCUSSION**

---

[2]     Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).  Here, Petitioner lists "6/2015" as the date the petition was filed or "turned over to the prison authorities for mailing."  Dkt. 1 at 3.  Thus, the Court deems June 2015 the Petition's filing date.  See Roberts, 627 F.3d at 770 n.1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-956-DMG (KK) | Date | February 12, 2016 |
|----------|---------------------|------|-------------------|
| Title | Luis Ortega v. Kim Holland | | |

## A.   THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMITATIONS PERIOD

Petitioner filed the Petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Id. at 8. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012) (citation omitted). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"). Under California Rule of Court 8.308, the time for appealing a felony conviction expires sixty days "after the rendition of the judgment or the making of the order being appealed." Cal. R. Ct. 8.308.

Here, Petitioner's felony robbery conviction became final on April 29, 2002, i.e., sixty days after he was convicted on February 28, 2002. Id.; 28 U.S.C. § 2244(d)(1). AEDPA's one-year limitations period commenced the next day, April 30, 2002, and expired on April 30, 2003. See 28 U.S.C. § 2244(d)(1). However, Petitioner did not constructively file the Petition until January 14, 2016. Dkt. 1 at 8. Therefore, applying Section 2244(d)(1), the Court deems the Petition untimely by over twelve years and eight months absent tolling. See Thompson, 681 F.3d at 1093.

## B.   STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). However, Section 2244(d)(2) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).

Here, AEDPA's one-year limitations period commenced on April 30, 2002. See 28 U.S.C. § 2244(d)(1). Following the commencement of the limitations period, Petitioner filed subsequent state court actions seeking post-conviction or other collateral review on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-956-DMG (KK) | Date | February 12, 2016 |
|---|---|---|---|
| Title | Luis Ortega v. Kim Holland | | |

April 1, 2011, May 14, 2015, an unspecified date in June 2015, and August 3, 2015.  See 28 U.S.C. § 2244(d)(2).  However, the limitations period had expired on April 30, 2003, well before Petitioner filed those state habeas petitions.  See id.  Section 2244(d)(2) does not permit reinitiation of the limitations period.  See Ferguson, 321 F.3d at 823. Therefore, statutory tolling does not render the Petition timely.  See id.

## C.     EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required."  Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011) (citations omitted).  The "threshold necessary to trigger equitable tolling [under AEDPA] is very high."  Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (citation and internal quotation marks omitted).  A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time."  Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014).  The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, lest the exceptions swallow the rule."  Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015) (internal citation and quotation marks omitted).

Here, Petitioner does not claim entitlement to equitable tolling and the Court has not found any basis to support such a claim.  Thus, equitable tolling does not render the Petition timely.  See Bills, 628 F.3d at 1097.

///
///
///
///
///
///
///
///
///
///
///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-956-DMG (KK) | Date | February 12, 2016 |
|---|---|---|---|
| Title | Luis Ortega v. Kim Holland | | |

## IV.
## ORDER

Accordingly, based upon the Petition as currently submitted, Section 2244(d)(1) appears to bar this action. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed as untimely by filing a written response **no later than March 4, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached A Notice of Dismissal form**. However, the Court warns any dismissed claims may be later subject to the statute of limitations under Section 2244(d)(1), as amended by AEDPA, "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The Court warns Petitioner failure to timely file a response to this Order will result the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders. See Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**